```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


FRANCISCO PRESTI,              :
 plaintiff,                    :
                               :              PRISONER
    v.                         :   CASE NO. 3:08cv427(AVC)
                               :
C.O. DELLACAMERA, et al.,      :
  defendants.                  :
```

### RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The plaintiff, Francisco Presti, currently confined at the Osborn Correctional Institution in Somers, Connecticut, commenced this civil rights action *pro se* pursuant to 28 U.S.C. § 1915. The plaintiff alleges that, following an altercation on July 26, 2005, Correctional Officers Dellacamera, Laone and Vaughn used excessive force against him after he had been subdued and secured. The defendants have filed a motion for summary judgment on the ground that the plaintiff failed to exhaust his administrative remedies before commencing this action. For the reasons that follow, the defendants' motion is denied.

### Facts

Examination of the complaint, affidavits, pleadings, Rule 56(a) statement,[1] and exhibits accompanying the motion for

---

[1] The facts are taken from the defendants' Local Rule 56(a)1 Statement [Doc. #21] and attached exhibits. Local Rule 56(a)2 requires the party opposing summary judgment to submit a Local Rule 56(a)2 Statement which contains separately numbered paragraphs corresponding to the local rule 56(a)1 statement and indicates whether the opposing party admits or denies the facts set forth by the moving party. Each admission or denial must include a citation to an affidavit or other admissible evidence.

summary judgment, and the responses thereto, disclose the following undisputed, material facts:

On July 26, 2005, the plaintiff was involved in an incident with the defendants, Dellacamera, Laone and Vaughn.  He filed a level one grievance dated November 21, 2005, which was received by the grievance coordinator on December 15, 2005.  Warden Dzurenda denied the grievance on December 19, 2005, as untimely filed.  On December 23, 2005, the plaintiff submitted a level two grievance appealing the denial.  The appeal was denied because the original grievance was not submitted within the required time limit.  The plaintiff filed no other grievances regarding this incident.

## Standard

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law.  See Rule 56©, Fed. R. Civ. P.; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  A court must

---

In addition, the opposing party must submit a list of disputed factual issues.  See D. Conn. L. Civ. R. 56(a)2 & 56(a)3.  With their motion for summary judgment, the defendants filed a notice to the pro se litigant [Doc. #22] informing the plaintiff of his obligation to respond to the motion for summary judgment and of the contents of a proper response.  To date, the plaintiff has not responded to the motion.  Accordingly, the defendants' facts are deemed admitted.  See D. Conn. L. Civ. R. 56(a)1 ("All material facts set forth in said statement will be deemed admitted unless controverted by the statement required to be served by the opposing party in accordance with Rule 56(a)2.").

grant summary judgment if the pleadings, discovery materials on file and any affidavits show that there is no genuine issue as to any material fact.  Miner v. Glen Falls, 999 F.2d 655, 661 (2d Cir. 1993).  A dispute regarding a material fact is genuine if there is sufficient evidence that a reasonable jury could return a verdict for the nonmoving party.  Anderson, 477 U.S. at 248.

The court resolves all ambiguities and draws all permissible factual inferences in favor of the nonmoving party.  Patterson v. County of Oneida, NY, 375 F.3d 206, 218 (2d Cir. 2004).  If there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party on the issue on which summary judgment is sought, summary judgment is improper. Security Ins. Co. of Hartford v. Old Dominion Freight Line Inc., 391 F.3d 77, 83 (2d Cir. 2004).

Where one party is proceeding *pro se*, the court reads the *pro se* party's papers liberally and interprets them to raise the strongest arguments suggested therein.  See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).  Despite this liberal interpretation, however, an unsupported assertion cannot overcome a properly supported motion for summary judgment.  Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991).

### Discussion

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), requires an inmate to exhaust "administrative remedies as are

available" before bringing an "action ... with respect to prison conditions."  The Supreme Court has held that this provision requires an inmate to exhaust administrative remedies before filing any type of action in federal court, regardless of whether the inmate may obtain the specific relief he desires through the administrative process.  See Woodford v. Ngo, 548 U.S. 81, 85 (2006).  Inmates must properly exhaust their administrative remedies.  This requirement includes complying with all procedural requirements, including filing deadlines.  See id. at 94-95.

The administrative directive in place at the time of the incident in question provided that the inmate grievance process could be used to address individual employee actions and matters relating to conditions of care and supervision.  See Defs.' Local Rule 56(a)1 Statement, Ex. C, Administrative Directive 9.6, §6(A)(3) and (5), effective March 5, 2003.  The plaintiff's claim of excessive force would be encompassed in these sections. Directive 9.6, Section 9, requires that the inmate attempt to resolve the matter informally before filing a grievance.  If this process is unsuccessful, or the inmate has not received a response to his attempt at informal resolution, however, Section 10 allows him to proceed to the next step and file a grievance. Section 10(G) requires that the grievant file within thirty days of the incident that gives rise to the grievance.

The incident in this case occurred on July 26, 2005.  The plaintiff's grievance, however, is dated November 21, 2005, well past the thirty day filing requirement.  As a result, his grievance was rejected as untimely.  See Defs.' Local Rule 56(a)1 Statement, Ex. A at 5-6.  Although there is a question as to whether the plaintiff attempted to informally resolve the matter, he admitted that this was the only grievance he filed regarding this incident.  See Defs.' Local Rule 56(a)1 Statement, Ex. B at 2.  Because the plaintiff failed to comply with the grievance filing deadline, he has not properly exhausted his administrative remedies.

The second circuit recognizes the following three exceptions to the exhaustion requirement:  "(1) administrative remedies were not available to the prisoner; (2) defendants have either waived the defense of failure to exhaust or acted in such a way as to estop them from raising the defense; or (3) special circumstances, such as a reasonable misunderstanding of the grievance procedures, justify the prisoner's failure to comply with the exhaustion requirement." Ruggiero v. County of Orange, 467 F.3d 170, 175 (2d Cir. 2006) (citing Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004)).

In their memorandum, the defendants state that they raised failure to exhaust administrative remedies as a defense and in this motion for summary judgment.  In their answer, however, the

defendants asserted only the affirmative defenses of qualified immunity and the plaintiff's misconduct being the cause of his injuries.  See Doc. #14 at 2.  No where in the answer do the defendants make reference to the plaintiff's failure to exhaust administrative remedies.

All affirmative defenses must be asserted in the answer. See Fed. R. Civ. P. 8(c) (holding that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading....").  Because the defendants did not raise failure to exhaust administrative remedies in their answer, the defense is waived.  See Travellers Int'l., A.G. v. Trans World Airlines, Inc., 41 F.3d 1570, 1580 (2d Cir. 1994) (holding that defendants are deemed to have waived an affirmative defense if they fail to raise it in the answer); Murray v. Goord, ___ F. Supp. 2d ___, 2009 WL 3417875, at *7 (N.D.N.Y. Oct. 19, 2009) (recognizing that "[b]y not raising failure to exhaust as a defense in their answer, defendants have waived their right to now seek dismissal of plaintiff's complaint on that basis.).  The within motion for summary judgment is based solely upon the plaintiff's failure to exhaust administrative remedies and, therefore, it is denied.

**Conclusion**

The defendants' motion for summary judgment [**Doc. #21**] is **DENIED**.

**SO ORDERED** this 2nd day of February 2010 at Hartford, Connecticut.

```
                                    / s /
                                 Alfred V. Covello
                                 United States District Judge
```